# BAUTISTA VISO LORENZO

### v.

# PUERTO RICO SUGAR COMPANY.

---

San Juan, Law, No. 661.

1. A speaking demurrer will be overruled, as the matter set out therein
should be set up in an answer.

---

Note.—*Pollution of streams.*—As to correlative rights of upper and
lower proprietors to throw refuse into stream, and pollution generally,

Lorenzo v. Puerto Rico Sugar Co.

2. A defendant who pollutes a stream passing by his land by depositing poisonous substances therein to such an extent as that the oxen of his downstream neighbor, which drink thereof, sicken and die, is liable to an action for the loss thus sustained, and the complaint is not subject to general demurrer.

Opinion filed December 20, 1909.

*Messrs. Hord & Scoville* and *Arturo Aponte,* attorneys for the plaintiff.

*Mr. T. D. Mott, Jr.,* attorney for the defendant.

RODEY, Judge, delivered the following opinion:

The plaintiff, a subject of the King of Spain, files this action against the defendant, which is alleged to be a Porto Rican corporation, claiming damages in the sum of $4,000 for the loss of seventy-four oxen, and $500 expended in and about the saving of other cattle, to which interest and costs are to be added.

Plaintiff alleges that the defendant polluted a river by depositing therein the refuse from its sugar factory, and which river passes down through the planation of plaintiff, thus re-

see note to Barnard v. Shirley, 41 L.R.A. 751; as to pollution of stream by mining operations, notes to Drake v. Lady Ensley Coal, Iron & R. Co. 24 L.R.A. 64, and Straight v. Hover, 22 L.R.A.(N.S.) 276; as to effect of plaintiff's contributory act on right to recover damages for pollution of stream, note to Bowman v. Humphrey, 6 L.R.A.(N.S.) 1111; as to liability in damages of one of several polluters of a stream, note to Gibboney Sand Bar Co. v. Pulaski Anthracite Coal Co. 24 L.R.A.(N.S.) 1185; for cases on the question of prescriptive right to pollute stream, see note to Leahan v. Cochrane, 53 L.R.A. 895.

Lorenzo v. Puerto Rico Sugar Co.

sulting in this loss because of plaintiff's oxen drinking the waters thereof.

A demurrer and answer were simultaneously filed, but the former was not waived at the time of filing the answer. Briefs have been filed by both parties. The grounds of demurrer are: First, that this sort of an action is not maintainable, and, second, that the complaint is worded in such a way as to show that plaintiff had notice of the polluted condition of the water, and still negligently permitted his oxen to drink thereof, and hence that he cannot recover because he is guilty of contributory negligence. We do not think the second ground of demurrer is well taken, as it is not apparent from the complaint that plaintiff had such knowledge, or that he was negligent in that way, although such may appear from the proofs at the trial, when an application for an instruction would be proper procedure.

As to the other position that this action is not maintainable, we do not think the same is well founded. We are cited to a long line of authorities, and an examination of almost any of them will show that the rule is the other way. See Tennessee Coal, Iron & R. Co. v. Hamilton, 100 Ala. 252, 46 Am. St. Rep. 48, 14 So. 167; Satterfield v. Rowan, 83 Ga. 187, 9 S. E. 677; Drake v. Lady Ensley Coal, Iron & R. Co. 24 L.R.A. 64, and note (102 Ala. 501, 48 Am. St. Rep. 77, 14 So. 749); Barnard v. Shirley, 41 L.R.A. 737, and note (151 Ind. 160, 47 N. E. 671). See also Strobel v. Kerr Salt Co. 164 N. Y. 303, 51 L.R.A. 687, 79 Am. St. Rep. 643, 58 N. E. 142; and Weston Paper Co. v. Pope, 155 Ind. 394, 56 L.R.A. 899, 57 N. E. 719.

We are of opinion that the complaint is not subject to demurrer, and the same will therefore be overruled, and an order to that effect will be entered.